IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan B. Logan,<br><br>                              Petitioner,<br><br>vs.<br><br>Shannon Phelps,<br><br>                              Respondent. | C/A No. 2:20-cv-1219-JFA-MGB<br><br>**ORDER** |

Petitioner, Jonathan B. Logan, a self-represented prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for review.

On February 23, 2021, the Respondent filed a Motion for Summary Judgment. (ECF No. 13). The Magistrate Judge issued an order filed February 25, 2021, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion and the possible consequences if he failed to respond adequately. (ECF No. 14). Petitioner failed to file a response.

On April 5, 2021, the Magistrate Judge issued an Order extending the deadline for Petitioner to file a response to the Motion for Summary Judgment to April 26, 2021. (ECF No. 16). Petitioner was specifically advised that if he failed to respond, this action could be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id*.) Petitioner again failed to respond to Respondent's Motion.

Shortly thereafter, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 18). Within the Report, the Magistrate Judge opines that this action should be dismissed with prejudice in accordance with Federal Rule of Civil Procedure 41. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on May 5, 2021. *Id.* The Magistrate Judge required Petitioner to file objections by May 19, 2021. *Id.* Petitioner failed to file objections or otherwise respond to the motion for summary judgment. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

and prior orders indicates that the Magistrate Judge correctly concluded that the action should be dismissed for failure to prosecute.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 18). Consequently, this matter is summarily dismissed with prejudice pursuant to Federal Rule of Procedure 41(b).

IT IS SO ORDERED.

May 27, 2021                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge